IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS COMBINED FUNDS, INC., by James R. Klein, Administrator,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALTY CONCRETE SERVICES, LLC, SPECIALTY ADVISORS, INC., JOHN LUCCI, CHRISTOPHER ENGARTNER and JOSEPH COSTARELLA,<br><br>Defendants. | Civil Action No. 2:20-cv-2028 |

## COMPLAINT

### Factual Background

1.    Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Plaintiff is aggrieved by Defendants' failure to pay fringe benefit contributions and wage deductions in violation of certain labor agreements to which they were bound with the Keystone+Mountain+Lakes Regional Council of Carpenters and its affiliated local unions (hereinafter "**Carpenters' Union**"), an employee organization.

2.    Plaintiff Carpenters Combined Funds, Inc. ("Funds") is a Pennsylvania non-profit corporation that maintains its principal place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

3.    Plaintiff administers various fringe benefit funds and acts as a collection agent for such funds as well as certain employer associations and unions. James R. Klein is the Administrator of such Funds.

4. The trustees of such funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff as their agent for the collection of contributions payable to such funds on behalf of their trustees, participants, and beneficiaries.

5. Defendant Specialty Concrete Services, LLC ("**Specialty Concrete"**) and Specialty Advisors, Inc. ("**Specialty Advisors"**) are engaged in the construction business and maintain their principal place of business at 5437 Mahoning Avenue, Suite 25, Austintown, Ohio 44515.

6. Defendant Specialty Concrete and Specialty Advisors became bound by labor agreements ("**Agreements**") with the Carpenters' Union pursuant to which such Defendant was obligated to submit certain monthly payments to Plaintiff Funds for pension, medical, annuity/savings, apprenticeship and dues for the benefit of employees covered under such Agreements.

7. Plaintiff Funds have a judgment pending against Specialty Concrete in the United States District Court for the Western District of Pennsylvania at Docket No. 19-711 which judgment remains unpaid.

8. As specified in Count II, Defendant Specialty Advisors is a successor and/or alter ego to Specialty Concrete.

9. At all times material, Defendant John Lucci ("J. Lucci") was the President of Specialty Concrete and a principal of Specialty Advisors and oversaw all day-to-day internal and field operations of both companies.

10. At all times material, Defendant Christopher Engartner ("C. Engartner") was a principal of Specialty Concrete and Specialty Advisors and has an address at 4700 Market Street, Youngstown, Ohio 44406.

TADMS:5430411-1 010342-183801

11.     At all times material, Defendant Joseph ("Joe") Costarella ("J. Costarella") is a principal and incorporator and Registered Agent of Specialty Advisors and has an address of 38 S. Shore Drive, Youngstown, Ohio 44512.

## COUNT I

## Carpenters Combined Funds, Inc. v. Specialty Concrete Services, LLC

## ERISA Collection Action

12.     The averments contained in paragraphs 1 through 7 are hereby incorporated by reference herein.

13.     In violation of such Agreements, Defendant Specialty Concrete has failed to make timely payments of principal fringe benefit contributions and wage deductions to Plaintiff Funds for the period of July 2019 through October 2020, which has resulted in a principal deficiency of $15,054.97.  Specialty Concrete is also obligated to submit to the Funds its November 2020 reports with payments by December 30, 2020 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $1,000.00.  In addition, interest through December 28, 2020 is due of $3,426.68 and contractual/liquidated damages are due Plaintiff Funds of $2,406.05, for a total deficiency of $20,887.70.  Interest will continue to accrue after December 28, 2020 at the rate of $6.19 per day.

14.     Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Specialty Concrete to the Plaintiff until the termination of this case.  If Specialty Concrete submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Specialty Concrete to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at 10%

3

times the principal amount owed by such Defendant. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

15. Plaintiff Funds have demanded payment of these amounts, but Defendant Specialty Concrete has neglected and continues to neglect to pay such amounts.

16. Pursuant to ERISA, Defendant Specialty Concrete is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees equal to 20% of the total delinquency, but not less than Eight Hundred Fifty Dollars ($850.00). Such fees and expenses total $4,177.54 through December 28, 2020. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

17. Defendant Specialty Concrete's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

18. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Specialty Concrete is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendant Specialty Concrete:

(a) A preliminary and/or permanent injunction enjoining Defendant Specialty Concrete from violating the terms of such Agreements and directing Defendant Specialty Concrete to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreements, and enjoining Defendant Specialty

TADMS:5430411-1 010342-183801

Concrete from disposing of assets; and

 (b) For Defendant Specialty Concrete to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendant's business operations from November 2020 through the present; and

 (c) For Defendant Specialty Concrete to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Defendant Specialty Concrete's covered employees for the last four years to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by such Defendant to the Plaintiff Funds; and

 (d) For a money judgment in favor of Plaintiff and against Defendant Specialty Concrete in the sum of $25,065.24, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus contractual/liquidated damages, attorneys' fees of 20% of total amount due, and costs of suit; and

 (e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

 (f) For such other and further relief as the Court may deem just.

## COUNT II

### Carpenters Combined Funds, Inc. v. Specialty Advisors, Inc.

 19. The averments contained in paragraphs 1 through 11 of this Complaint are hereby incorporated by reference herein.

 20. Specialty Advisors has submitted payments to the Funds for the debts of Specialty Concrete to the Funds.

 21. Based upon the foregoing, Defendant Specialty Advisors has impliedly assumed the debts and obligations of Specialty Concrete.

22. Since the formation of Specialty Advisors in 2019, Specialty Advisors and Specialty Concrete:

(a) have maintained the same principal place of business at 25 Mahoning Avenue, Suite 25, Austintown, Ohio 44515;

(b) have been affiliated business enterprises with common management and supervision;

(c) have regularly conducted business in Ohio and Western Pennsylvania;

(d) have engaged in the same type of business, performing carpentry, general building, contracting, road construction and construction management work in the same geographic area;

(e) have held themselves out to vendors, vendees, owners, general contractors, customers, employees and to the public as related business enterprises.

23. By virtue of the acts and conduct described above, Defendant Specialty Advisors is the alter-ego of and/or legal successor to Specialty Concrete and is bound by the terms of the Agreements and liable for all monies due and owing to the Plaintiff Funds arising from covered work by Specialty Concrete and Specialty Advisors.

24. Defendant Specialty Advisors' failure to timely pay the aforesaid obligations to the Plaintiff has caused the Funds to suffer loss of investment income and additional administrative expenses and has resulted in less monies being available to provide pension, medical and other fringe benefits to carpenter beneficiaries and their families.

WHEREFORE, Plaintiff Funds demand the following relief against Specialty Advisors:

(a)  A preliminary and/or permanent injunction enjoining Specialty Advisors from violating the terms of such Agreements and directing Specialty Advisors and Specialty Concrete to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to such Agreements, and enjoining Specialty Advisors from disposing of assets; and

(b)  For Specialty Advisors to be required to file complete and accurate remittance reports with Plaintiff Funds covering all aspects of such Defendants' business operations since its inception through the present; and

(c)  For Specialty Advisors to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees since its inception to the present to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing by such Defendants to the Plaintiff Funds; and

(d)  For a money judgment in favor of Plaintiff Funds and against Specialty Advisors in the sum of at least $47,478.38, plus such additional amounts shown to be owed such Plaintiff until termination of this case, additional interest from December 28, 2020 and costs of suit; and

(e)  For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f)  For such other and further relief as the Court may deem just.

## COUNT III

## Carpenters Combined Funds, Inc. v. John Lucci, Christopher Engartner and Joseph Costarella

### ERISA Breach of Fiduciary Duty Action

25. The averments contained in paragraphs 1 through 24 are hereby incorporated by reference herein.

26. At all times material, Defendants J. Lucci, C. Engartner and J. Costarella were and are responsible for overseeing the collection of all monies payable to Specialty Concrete and Specialty Advisors resulting from the work performed by carpenters employed under such Agreements.

27. At all times material, Defendants J. Lucci, C. Engartner and J. Costarella were also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions for Specialty Concrete and Specialty Advisors to the Plaintiff Funds in Pittsburgh.

28. At all times material, Defendants J. Lucci, C. Engartner and J. Costarella also had check signing authority, signed checks, and had the right to make decisions as to what obligations and/or payments of Specialty Concrete and Specialty Advisors were to be paid and which ones were not to be paid.

29. At the time such fringe benefit contributions became due and payable by Specialty Concrete and Specialty Advisors to the Funds, such monies became assets of the Funds.

30. At all times material, J. Lucci, C. Engartner and J. Costarella were aware of the obligations of Specialty Concrete and Specialty Advisors to timely pay fringe benefits to the Funds.

31. Defendants, J. Lucci, C. Engartner and J. Costarella prioritized payment of corporate expenses that personally benefitted them over payment to the Funds.

32. Based upon the foregoing, Defendants J. Lucci, C. Engartner and J.

8

Costarella constitute "fiduciaries" under ERISA.

33. Based upon the foregoing, Defendants J. Lucci, C. Engartner and J. Costarella violated their duties of loyalty to the beneficiaries of the Funds.

34. Based upon the foregoing, Defendants J. Lucci, C. Engartner and J. Costarella also breached their fiduciary duties to the Funds by failing to cause Specialty Concrete and Specialty Advisors to pay to the Plaintiff such contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, contractual/liquidated damages, attorneys' fees, and legal costs owed by Specialty Concrete and Specialty Advisors to Plaintiff Funds.

35. The principal contributions owed by Specialty Concrete and Specialty Advisors to Plaintiff total at least $13,850.57. In addition, interest through December 28, 2020 of at least $11,912.48 is due and contractual/liquidated damages of $10,636.91 are due to Plaintiff, for a total deficiency of at least $36,399.96. Interest will continue to accrue after December 28, 2020 at the rate of $5.69 per day.

36. Plaintiff Funds claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Specialty Concrete and Specialty Advisors to the Plaintiff until the termination of this case. Specialty Concrete and Specialty Advisors are obligated to submit to the Funds Specialty Concrete's November 2020 reports with payments by December 30, 2020 and all future reports with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that the fringe benefits due for each such monthly report will total at least $1,000.00. If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Specialty Concrete and Specialty Advisors to the Funds, interest will be assessed on the principal amount thereof at 1 ¼% per month and liquidated/contractual damages at 10% times the principal amount owed by such Defendants. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

37. Plaintiff has demanded from Defendants J. Lucci, C. Engartner and J. Costarella payment of all such amounts due, but such Defendants have neglected and continue to neglect to pay such amounts.

38. Pursuant to ERISA, Specialty Advisors and J. Lucci, C. Engartner and J. Costarella are also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees of 20% of the total delinquency or $920.00 whichever is greater. Such fees and expenses total at least $7,279.99 through December 28, 2020. Plaintiff also claims attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants, John Lucci, Christopher Engartner and Joseph Costarella, in the amount of $43,679.95, plus interest from December 28, 2020 at a per diem rate of $5.69, plus additional amounts shown to be due plus legal costs.

## COUNT IV

### Carpenters Combined Funds, Inc. v. John Lucci, Christopher Engartner and Joseph Costarella

### State Common Law Conversion Action

39. The averments contained in paragraphs 1 through 28 of this Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

40. Pursuant to such Agreements, Specialty Concrete and Specialty Advisors was obligated to withhold monies from its employees' wages for union dues and legislative funds that were required to be remitted to Plaintiff Funds.

41. In violation of such Agreements, Specialty Concrete and Specialty Advisors failed to remit such deductions for union dues and legislative funds to the Plaintiff.

42. At all times relevant to this action, Defendants J. Lucci, C. Engartner and

10

J. Costarella had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

43. At all times material, Defendants J. Lucci, C. Engartner and J. Costarella exercised dominion and control over the employee wage withholdings totaling $1,204.40, and authorized and/or permitted such monies to be used to pay other obligations of Specialty Concrete and Specialty Advisors.

44. Specialty Concrete and Specialty Advisors are obligated to submit to the Funds with payment by the 30th of the month following the month in which the work is performed. Plaintiff Funds estimate that the wage withholdings in each of Specialty Concrete's such monthly report will total at least $80.00.

45. Based upon the foregoing, Defendants J. Lucci, C. Engartner and J. Costarella intentionally converted such monies that were rightfully due and payable to the Plaintiff.

46. Plaintiff is also entitled to receive from Defendants J. Lucci, C. Engartner and J. Costarella interest through December 28, 2020 on such late payments of $1,035.73, plus additional interest from December 28, 2020 of $.49 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against John Lucci, Christopher Engartner and Joseph Costarella in the amount of $2,240.13 plus additional interest from December 28, 2020, plus additional amounts shown to be due, plus costs of suit.

        TUCKER ARENSBERG, P.C.

        */s/ Jeffrey J. Leech*
        Jeffrey J. Leech
        PA I.D. #19814
        Neil J. Gregorio
        PA I.D. #90859

        1500 One PPG Place
        Pittsburgh, PA 15222
        (412) 566-1212
        Attorneys for Plaintiff,
        Carpenters Combined Funds, Inc.

TADMS:5430411-1 010342-183801